**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.: 12-CV-80953-RYSKAMP/HOPKINS

JONATHAN DIXON,

Plaintiff,

v.

FIRST FINANCIAL ASSET MANAGEMENT, INC. et al.,

Defendants.
_______________________/

# ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants' motion to dismiss **[DE 23]** Plaintiff's first amended complaint filed on April 3, 2013. Plaintiff filed a response in opposition **[DE 25]** on April 4, 2013. Defendants replied **[DE 26]** on April 10, 2013. This matter is ripe for adjudication.

## I. Background

This is the second motion to dismiss Defendants First Financial Management, Inc. and John Maloney ("Maloney") (collectively, "Defendants") have filed. Plaintiff Jonathan Dixon ("Dixon") brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid back wages and overtime compensation. The Court dismissed Dixon's original complaint for, *inter alia*, failing to assert the job title and responsibilities of his position at FFAM; failing to adequately allege Defendants acted "willfully" under the FLSA, so as to preclude time-barred claims under the statute of limitations; and failing to adequately allege Maloney was personally liable under the FLSA.

Dixon filed a first amended complaint ("FAC") **[DE 22]** on March 22, 2013. Addressing the deficiencies laid out in the Court's prior order of dismissal, the FAC provides (1) Dixon was not provided with a title and details his job responsibilities; (2) asserts, in accordance with the legal definition of willful under the FLSA, that Defendants willfully (or in reckless disregard) violated the FLSA; and, (3) lists the title of Maloney as CEO and Chairman of FFAM and describes his direction and control over major departments of the company. Defendants, however, file the instant motion to dismiss, enlisting a host of extrinsic facts, in an attempt to argue that Dixon's claims remain deficient, remain time-barred, remain inconsistent, and are otherwise unmeritorious. These reasons, as applied here, are not grounds for dismissal. As discussed below, the Court finds that—*at this stage*—Dixon adequately states claims for relief under the FLSA.

## II. Legal Standard on Motion to Dismiss

In order to state a claim for relief, Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**III. Discussion**

Defendants raise substantial questions regarding the viability of Dixon's claims when analyzed under the burden of production standard as applied at the summary judgment stage of proceedings. That is not the standard here, however. For purposes of a motion to dismiss, the Court accepts a plaintiff's allegations as true. Moreover, inconsistent allegations are *permitted* at this stage of the proceedings—even if read together they render claims legally impossible—under Fed. R. Civ. P. 8(d)(2) and (3). Thus, for example, while Dixon's claim for commissions may be directly at odds with his claims for unpaid wages and overtime, as one often precludes the other under the FLSA's exempt or non-exempt employee status, this inconsistency is not grounds for dismissing the FAC in this instance.

Here, the Court is merely screening Dixon's complaint to determine whether he has stated a claim for relief under Rule 8(a). The Court finds he has. "[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec. of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). A plaintiff must show a failure to pay overtime compensation and/or minimum wages to covered employees. *See id.*; 29 U.S.C. §§ 206, 207, and 215(a)(2). While the Court previously held Dixon's original complaint was insufficient for failure to provide details of his job title and responsibilities, here Dixon describes in detail various duties he

performed at FFAM while noting that he did not receive a job title. He cannot provide a job title he did not have. Moreover, while the Court previously held that Dixon's previous claims were partially time-barred under the statute of limitations, in part for Dixon's failure to adequately allege Defendants acted willfully, here Dixon alleges that Defendants acted in reckless disregard for the law by failing to pay him wages or overtime compensation. For the purposes of a motion to dismiss, this satisfies the threshold requirement of pleading willfulness. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (acting willfully under the FLSA means an employer (1) knew that its conduct was prohibited under the FLSA or (2) showed reckless disregard of whether its conduct was prohibited by the FLSA). Whether Defendants *actually* acted willfully and whether Dixon is *actually* entitled to wages is a factual matter suited for summary judgment. For now, it suffices that Dixon alleges Defendants acted willfully and their alleged violations fall within the three-year statute of limitations period, beginning September 7, 2009.[1]

Finally, the Court finds that Dixon remedies his previously deficient allegation of personal liability as related to Defendant Maloney. A corporate officer may be liable under the FLSA if he/she exercised operational control of the corporation's covered enterprise. *See Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). The Court held that Dixon's original claim against Maloney was insufficient because he failed to state Maloney's title or allege facts indicating Maloney maintained operations control of FFAM's covered enterprise. Here, however, Dixon states that Maloney is the chairman and CEO and FFAM and discusses his oversight and control of FFAM's major departments, including directly overseeing and

[1] Contrary to Defendants' assertion, the Court never definitively provided that Dixon was limited to a two-year statute of limitation period beginning September 2010. Rather, the Court found that the allegations as stated in the original complaint were insufficient to allege willful conduct, and therefore, the time period of FLSA violations as alleged in the original complaint was subject to a two-year time period and was partially barred. The Court gave Dixon leave to amend the deficiencies in the complaint to assert non-time-barred violations. Dixon did so.

controlling Dixon's work. Again, while discovery may reveal facts dispositive to Dixon's claims against FFAM and Maloney, here, this is enough to state a claim against Maloney under the FLSA.

In conclusion, the Court recognizes that discovery may reveal facts indicating Dixon was an exempt or non-exempt employee, or was not hired as an employee by FFAM during the alleged time period at all. These facts, and the truth-seeking process underlying them, are best suited for summary judgment. *See La Grasta v. First Union Securities*, 358 F.3d 840, 845 (11th Cir. 2004) (whether an employee is exempt is an affirmative defense best suited for summary judgment). Dixon does not have the burden of production at this time, only the burden to state a plausible claim for relief. Here, the Court finds he has done so.

## IV. Conclusion

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendants' motion to dismiss **[DE 23]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 21 day of August, 2013.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE